WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George M. Lopez, | No. CV-97-00224-TUC-CKJ |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on remand from the Court of Appeals for the Ninth Circuit for further consideration of three claims, alleging ineffective assistance of counsel ("IAC") for failure to investigate and present evidence at the guilt and mitigation phases of Petitioner's trial, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Following supplemental briefing (Docs. 153, 161, 163)[1], the Court denied two of the claims—Claims 12-A and 12-E—as procedurally barred. (Doc. 169.)[2] Further briefing was ordered regarding the issue of whether a state remedy exists and is available to Petitioner under Rule 32.1(h), Arizona Rules of Criminal Procedure ("Rule 32.1(h)"), to address the allegations of ineffective assistance of sentencing counsel for failure to investigate and present mitigating evidence raised in Claim 12-B. (Doc. 169). The parties have jointly reached the conclusion that Rule 32.1(h) would not provide Petitioner with the

---

[1] "Doc." refers to documents in this Court's file. Page references for documents filed through CM/ECF are to the electronic page number.

[2] In its December 1999 order identifying the procedural status of Petitioner's claims, the Court designated the ineffective assistance allegations as Claims 12-A through K. (Doc. 53.) At issue for purposes of this remand are Claims 12-A, 12-B, and 12-E. For consistency, the Court will continue to refer to the claims as such.

opportunity to exhaust Claim 12-B. (Doc. 172.) For the reasons set forth below and in this Court's previous order, the Court finds that no available state remedy exists for the purpose of exhausting Claim 12-B, and thus the claim is procedurally defaulted. The Court further finds that an evidentiary hearing is necessary to determine whether Petitioner can establish cause to excuse the procedural default of Claim 12-B.

## Procedural History

In Claim 12-B, Petitioner alleges that sentencing counsel was ineffective for failing to investigate and present mitigating evidence. The procedural history and relevant facts of Claim 12-B can be found in this Court's previous order denying Claims 12-A and 12-E, and ordering supplemental briefing regarding Claim 12-B. (*See* Doc. 172.) Briefly, the Court found that the allegations in Claim 12-B of Petitioner's federal petition fundamentally altered the claim asserted in state court, thus rendering it unexhausted in light of The Ninth Circuit's decision in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc) (holding that an IAC claim adjudicated on the merits in state court is nonetheless unexhausted, and may be procedurally defaulted, if it is fundamentally altered by new facts alleged in a federal habeas petition). Because the new allegations and evidence presented in Claim 12-B had never been presented to the state courts, the Court considered whether this unexhausted claim was also procedurally defaulted, and ordered supplemental briefing on the issue of available state remedies.

## Discussion

In this Court's previous order, the Court posited that Petitioner might avoid the preclusive effects of Rule 32.2(a), Arizona Rules of Criminal Procedure ("Rule 32.2(a)"), by raising Claim 12-B under Rule 32.1(h), which provides an exception to the state's preclusionary rule for a defendant who can demonstrate "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish . . . that the court would not have imposed the death penalty." Rule 32.1(h).

The parties agree, however, that Rule 32.1 (h) would not provide Petitioner with the opportunity to exhaust Claim 12-B because the rule does not afford a mechanism to apply the proper test for prejudice under *Strickland v. Washington*, 466 U.S. 668, 694

(1984). Under *Strickland's* prejudice prong, a petitioner must affirmatively prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In contrast, Petitioner's burden under Rule 32.1(h)—to demonstrate facts which establish by "clear and convincing evidence" that the court would not have imposed the death penalty—exceeds the burden of proving a mere reasonable probability for a different outcome. Petitioner is precluded from raising his claim as an IAC claim in state court post-conviction proceedings. *See* Rule 32.2(a). Because Petitioner cannot bring his constitutional IAC claim under Rule 32.1(h), Petitioner's IAC claim is "technically" exhausted but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The remaining issue is whether Petitioner can establish cause and prejudice to excuse the default.

Cause and Prejudice

Under *Martinez*, Petitioner may overcome the procedural default of Claim 12-B if he can show that (1) the claim is substantial, and (2) state post-conviction-relief ("PCR") counsel was ineffective under *Strickland* for not presenting the claim in Petitioner's first PCR proceeding. *See Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S. Ct. at 1318); *see Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014); *Dickens*, 740 F.3d at 1319–20 (9th Cir. 2014) (en banc); *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc). Because the Court cannot say based on the available record that Claim 12-B is plainly meritless or that there is no reasonable probability of a different outcome had PCR counsel presented Petitioner's expanded sentencing IAC claim to the state court, it determines that a hearing is necessary to allow Petitioner to demonstrate "cause"—whether PCR counsel was ineffective—under *Martinez. See Dickens*, 740 F.3d at 1321.

Petitioner's fundamentally altered claim alleges that counsel failed to discover and present significant new mitigation, including organic brain damage. The proffered report from Dr. Sullivan opines that Petitioner's performance on neuropsychological testing was significant for impairment of a variety of executive functions: (1) switching

of cognitive set (the ability to abandon a previous response and generate a new one); (2) verbal abstraction (the ability to reason from specific circumstances to general rules, or inductive reasoning); (3) response inhibition (the ability to monitor external or environmental cues and moderate/modulate behavior accordingly); and (4) impulse control (the ability to monitor internal cues and moderate/modulate behavior accordingly). (Doc. 158 at 113.) In his view, these impairments are likely secondary to in utero alcohol and were amplified by closed head injuries. (*Id.* at 115.) Dr. Sullivan further opines that Petitioner's "actions during the instant offense were very likely impulsive, lacking in response inhibition, and lacking in reflection as opposed to being the product of calculation, intention, and/or deliberation." (*Id.* at 116.)

The proffered report from Dr. Davies concludes that Petitioner has a Fetal Alcohol Spectrum Disorder (FASD), specifically Severe Facial Features of FAS/Neurobehavioral Disorder (Alcohol Exposure Presumed). (Doc. 163-1 at 8.) Dr. Davies could not definitively diagnose FAS due to the lack of childhood medical records documenting deficiencies in Petitioner's height and weight growth, but observed that Petitioner's severe FAS facial features are "strong evidence that prenatal alcohol exposure played a major role in his brain disabilities." (*Id.* at 9.) He further observes that "the disabilities of FASD are life-long and magnified in situations involving high stress and emotion." (*Id.* at 10.)

This new evidence, along with a more detailed social history report of Petitioner's family and upbringing, paints a markedly different picture of Petitioner than was presented at sentencing, which focused only on Petitioner's positive traits—that he had contributed to the community and was a good person and affectionate father. The Court therefore finds that Petitioner has alleged a substantial claim of ineffectiveness, thereby demonstrating "prejudice" under *Martinez*. However, because it is unclear from the record whether PCR counsel was ineffective under *Strickland* for failing to raise the claim in state court, a hearing is necessary to determine whether PCR counsel acted deficiently and whether there is a reasonable probability the result of the PCR proceedings would have been different. Assessing the latter will necessarily entail

considering the strength of the defaulted IAC claim.  *Clabourne*, 745 F.3d at 377–78.

**Conclusion**

Pursuant to the Ninth Circuit's directive on remand, the Court has reconsidered Claim 12-B in light of *Martinez*.  The Court finds that an evidentiary hearing is necessary to determine whether Petitioner can establish cause to excuse the procedural default of a substantial claim alleging ineffective assistance of sentencing counsel for failing to investigate and present mitigating evidence.

Based on the foregoing,

**IT IS ORDERED** that an evidentiary hearing to determine whether state PCR counsel was ineffective for failing to raise Claim 12-B in Petitioner's first PCR proceeding shall take place as soon as is practicable.  The Court will issue a separate order setting this matter for a scheduling conference.

Dated this 20th day of November, 2015.

_____
Cindy K. Jorgenson
United States District Judge